UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Barbara Peterson, | Court File No. 12-CV-00327 (JNE/FLN) |
| Plaintiff, | |
| vs. | **ANSWER** |
| HealthEast Woodwinds Hospital, | |
| Defendant. | |

---

Defendant HealthEast Woodwinds Hospital ("Defendant" or "HealthEast"), for its Answer to Plaintiff's Complaint, admits, denies and alleges as follows:

1. Except as otherwise admitted or qualifiedly admitted herein, Defendant denies each and every allegation contained in the Complaint.

2. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 of the Complaint, and therefore denies the same.

3. With respect to Paragraph 2, Defendant admits that it is a nonprofit corporation with its registered office at 559 Capitol Blvd., St. Paul, Minnesota 55103, and that it is part of HealthEast Corporation.

4. Defendant denies the allegations contained in Paragraph 3.

5. With respect to Paragraph 4, Defendant admits only that one of the duties of a patient advocate is to act as a liaison. Defendant denies the remaining allegations contained in Paragraph 4.

6. Defendant admits the allegations contained in Paragraphs 5 and 6.

235190.1

7. With respect to Paragraph 7, Defendant admits that Plaintiff served on both Woodwind's Ethics Committee and HealthEast's System Patient Rights Committee. However, Defendant is without sufficient information to admit or deny her length of service, and therefore it denies the same.

8. Defendant admits the allegations contained in Paragraphs 8 and 9.

9. Defendant denies the allegations contained in Paragraphs 10, 11, 12 and 13.

10. With respect to Paragraph 14, Defendant admits only that the Medical Director reviewed the matter and closed the investigation given her review. Defendant denies the remaining allegations contained in Paragraph 14.

11. Defendant denies the allegations contained in Paragraphs 15 and 16.

12. With respect to Paragraph 17, Defendant is aware only that Plaintiff was placed on a medical leave. Defendant is without sufficient information to admit or deny the remaining allegations, and therefore it denies the same.

13. With respect to Paragraph 18, Defendant admits only that Plaintiff went on a medical leave of absence that qualified under FMLA for a portion of her leave. Defendant denies the remaining allegations contained in Paragraph 18.

14. Defendant denies the allegations contained in Paragraph 19.

15. With respect to Paragraph 20, Defendant admits only that she was advised to look for a job outside of Woodwinds. Defendant denies the remaining allegations contained in Paragraph 20.

16. Defendant denies the allegations contained in Paragraphs 21 and 22. Plaintiff's employment ended in June of 2010.

17. Defendant admits the allegations contained in Paragraph 23.

18. Paragraphs 24, 28, 36, 40 and 45 re-allege earlier paragraphs of the Complaint. To the extent these Paragraphs assert factual allegations, Defendant incorporates its responses to the allegations of the Complaint contained in this Answer as though fully stated herein, re-alleging each in its entirety.

19. Defendant denies the allegations contained in Paragraphs 25, 26, 27 and 29.

20. With respect to Paragraph 30, Plaintiff attempts to re-cite a statutory provision; she does not allege any factual circumstances. To the extent Paragraph 30 is construed to allege facts, it is denied.

21. Defendant denies the allegations contained in Paragraphs 31, 32, 33, 34, 35, 37, 38, 39, 41, 42, 43, 44, 46, 47 and 48.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff's claims may be barred by the applicable Statutes of Limitations or any other applicable limitations period.

### Third Affirmative Defense

Plaintiff's claims may be barred, in whole or in part, by the doctrine of election of remedies.

### Fourth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, by her failure to mitigate her alleged damages or injuries, if any.

### Fifth Affirmative Defense

Plaintiff's claims are barred, in whole or in part, because some or all damages claimed by Plaintiff were caused, aggravated, or contributed to by Plaintiff's own conduct, assertions of future conduct, or failure to act.

### Sixth Affirmative Defense

Plaintiff's claims are barred by the doctrines of estoppel, unclean hands, waiver and/or latches.

### Seventh Affirmative Defense

Plaintiff has alleged categories of damages not properly recoverable.

### Eighth Affirmative Defense

Plaintiff's claims are barred in whole or in part by the doctrine of after-acquired evidence.

### Ninth Affirmative Defense

Plaintiff's claims are barred by her failure to exhaust administrative remedies and/or internal remedies.

### Tenth Affirmative Defense

Plaintiff's claims are barred by the exclusivity provision of the Workers' Compensation Act.

**Eleventh Affirmative Defense**

Plaintiff was not eligible for leave under the FMLA, 29 U.S.C. 2601 *et seq.* and therefore was not entitled to any of the rights and remedies flowing therefrom.

**Twelfth Affirmative Defense**

Defendant's actions were based upon legitimate, non-discriminatory reasons; and, Defendant's reasons were based upon long-standing, non-discriminatory policy or procedures.

**Thirteenth Affirmative Defense**

Plaintiff did not have a good faith belief, let alone a reasonable good faith belief, expressed to her supervisor, that any actions were contrary to law and policy.

**Fourteenth Affirmative Defense**

Plaintiff did not engage in protected activity.

**Fifteenth Affirmative Defense**

Defendant did not retaliate against Plaintiff for engaging in protected activity.

**Sixteenth Affirmative Defense**

There is no causal connection between Plaintiff's alleged protected activity and any alleged adverse employment action.

**Seventeenth Affirmative Defense**

Plaintiff's claim for negligent infliction of emotional distress is preempted by her Whistleblower claim.

**Eighteenth Affirmative Defense**

Plaintiff was not in the zone of danger.

### Nineteenth Affirmative Defense

None of the conduct here was intentional, reckless, extreme and outrageous.

### Twentieth Affirmative Defense

Plaintiff's claims are preempted, in whole or in part, by the exclusivity provision of the Minnesota Human Rights Act.

### Twenty-First Affirmative Defense

As a separate alternative affirmative defense to Plaintiff's Complaint, Defendant alleges that these claims may be barred by additional affirmative defenses which cannot be determined until Defendant has the opportunity to complete discovery. Therefore, Defendant incorporates such affirmative defenses as if fully set forth herein.

**WHEREFORE,** Defendant prays as follows:

1. Plaintiff's Complaint in its entirety be dismissed with prejudice;

2. Plaintiff pay Defendant's reasonable costs and expenses, including attorneys' fees; and

3. For whatever additional relief this Court deems just and proper.

Dated:  February 14, 2012          FELHABER, LARSON, FENLON & VOGT, P.A.

By:   /s Sara Gullickson McGrane
Sara Gullickson McGrane #233213
Jessica M. Marsh, #388353
220 South Sixth Street, Suite 2200
Minneapolis, Minnesota 55402
Telephone:  (612) 373-8511

ATTORNEYS FOR DEFENDANT
HEALTHEAST WOODWINDS HOSPITAL