UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Barbara Peterson,

      Plaintiff,

v.                                                                                           Civil No. 12-327 (JNE/FLN)
                                                                                        ORDER

HealthEast Woodwinds Hospital,

      Defendant.

      Barbara Peterson brought this action against her former employer, HealthEast Woodwinds Hospital, in state court. She asserted claims for violations of the Family and Medical Leave Act (FMLA), Minnesota's whistleblower statute, and Minnesota's public policy. She also asserted claims for negligent infliction of emotional distress and intentional infliction of emotional distress. HealthEast removed the action from state court. Later, HealthEast moved for summary judgment. On June 3, 2013, the Court granted HealthEast summary judgment on Peterson's FMLA claim, declined to exercise supplemental jurisdiction over Peterson's state-law claims, and remanded the state-law claims to state court. Judgment was entered the next day. On June 10, 2013, HealthEast submitted a bill of costs. Peterson objected to it. The Clerk of Court taxed costs against Peterson in the amount requested by HealthEast. The case is before the Court on Peterson's Motion for Review of the Clerk's Decision. *See* D. Minn. LR 54.3(c)(3). For the reasons set forth below, the Court denies the motion.

      In her motion, Peterson argued that the Court "is without jurisdiction to enter the Cost Judgment," that HealthEast "cannot be deemed to be a prevailing party," and that "it is not reasonable to award [HealthEast] costs associated with taking depositions as those depositions are necessary for all of the counts which have been remanded to state court." The Court rejects Peterson's arguments. Notwithstanding the remand of Peterson's state-law claims to state court,

1

the Court may tax costs against Peterson. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990); *Agostini v. Piper Aircraft Corp.*, No. 12-2098, 2013 WL 4751333, at *2 (3d Cir. Sept. 5, 2013); *Bryant v. Britt*, 420 F.3d 161, 165 (2d Cir. 2005). HealthEast is the prevailing party. *See Jefferson v. Jefferson Cnty. Pub. Sch. Sys.*, 360 F.3d 583, 591 (6th Cir. 2004); *Ogborn v. United Food & Commercial Workers Union, Local No. 881*, 305 F.3d 763, 770 (7th Cir. 2002); *Head v. Medford*, 62 F.3d 351, 355 (11th Cir. 1995). Finally, HealthEast sought costs associated with the depositions of Peterson, her supervisor, and HealthEast's operations executive, with whom Peterson communicated during her leave. The depositions were necessarily obtained for use in the case. The costs associated with the depositions were appropriately assessed against Peterson. *See Zotos v. Lindbergh Sch. Dist.*, 121 F.3d 356, 363 (8th Cir. 1997); *Bathke v. Casey's Gen. Stores, Inc.*, 64 F.3d 340, 347 (8th Cir. 1995).

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT Peterson's Motion for Review of the Clerk's Decision [Docket No. 84] is DENIED.

Dated:  September 20, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
